**FEDEX CORPORATION; Federal Express Corporation, and Subsidiaries, Plaintiffs–Appellees,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 03–6514.

United States Court of Appeals, Sixth Circuit.

Feb. 16, 2005.

Albert H. Turkus, Kenneth W. Gideon, Skadden, Arps, Slate, Meagher & Flom, LLP, Washington, DC, Colby S. Morgan, Jr., Joseph L. Schiffhouer, Kathleen L. Chambers, Memphis, TN for Plaintiffs–Appellees.

Lawrence P. Blaskopf, Richard G. Jacobus, Judith A. Hagley, Kenneth L. Greene, U.S. Department of Justice, Tax Division, Randolph L. Hutter, U.S. Department of Justice, Appellate Section Tax Division, Washington, DC, for Defendant–Appellant.

Before NELSON and BATCHELDER, Circuit Judges; and COLLIER,* District Judge.

---

* The Honorable Curtis L. Collier, district judge for the United States District Court for the Eastern District of Tennessee, sitting by designation.

**126**

BATCHELDER, Circuit Judge.

The United States appeals the district court's order granting judgment in favor of Plaintiffs–Appellees FedEx Corp. and subsidiaries ("FedEx") for overpayment of taxes in the amount of $66,474,287.10 plus interest thereon. FedEx, a common carrier, paid $70,000,000 in taxes and accrued interest pursuant to an Internal Revenue Service determination that it was required to capitalize, rather than currently deduct, expenses attributable to off-wing maintenance of its jet aircraft engines and auxiliary power units incurred during tax years 1993 and 1994. To perform this maintenance, technicians would remove the engine from the aircraft, clean it, and make minor repairs. Finding that the maintenance performed on the engines and auxiliary power units constituted incidental repairs that did not appreciably prolong the life of the aircraft, the district court held that FedEx was entitled to deduct such maintenance costs that were incurred during tax years 1993 through 1994 and entered a judgment compensating FedEx for its overpayment of taxes.

After carefully reviewing the record, the applicable law, the parties' briefs and counsels' arguments, we are convinced that the district court did not err. We cannot improve upon the district court's opinion, which carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision. Issuance of a full written opinion by this court would therefore serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.